UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DARYL E. SMITH,

Petitioner,

v.

BONITA HOFFNER,

Respondent.
_____/

Case No. 17-cv-13837

UNITED STATES DISTRICT COURT JUDGE
GERSHWIN A. DRAIN

UNITED STATES MAGISTRATE JUDGE
DAVID R. GRAND

# ORDER GRANTING PETITIONER AN EXTENSION OF TIME TO CORRECT THE FILING DEFICIENCY [#3] AND DENYING THE MOTION FOR BOND [#7]

Pending before the Court is Petitioner Daryl E. Smith's Motion for Immediate Consideration of Bond Pending Appeal. Dkt. No. 7. Petitioner is confined at the Lakeland Correctional Facility in Coldwater, Michigan. On November 27, 2017, Petitioner filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his conviction for possession with intent to deliver between 450 and 999 grams of a controlled substance. Dkt. No. 1. Petitioner sent a letter request seeking an extension of time to cure the filing deficiency in this case as well as a motion for release on bond. Dkts. No. 6, 7. For the reasons that follow, this Court will grant

1

Petitioner a thirty-day extension of time to submit two copies of the habeas petition for service upon the respondent and the Michigan Attorney General. The motion for bond is DENIED.

On December 4, 2017, Magistrate Judge R. Steven Whalen signed an Order to Correct Deficiency. Dkt. No. 3. This Order required Petitioner to submit two copies of his petition for writ of habeas corpus in order for the Clerk of the Court to effect service upon the respondent and the Michigan Attorney General's Office. *Id.* The Order gave Petitioner thirty days to comply and warned him that failure to comply could result in dismissal of his action. *Id.* Petitioner claims that he never received a copy of the deficiency order and requests additional time to comply with the order. Dkt. No. 6.

A district court may, in its discretion, grant an additional thirty days from the date of the filing of the extension order to allow the prisoner to correct the deficiency. *See McGore v. Wrigglesworth*, 114 F.3d 601, 605 (6th Cir. 1997). Petitioner is granted a thirty-day extension of time to provide two copies of the petition for service upon respondent and the Michigan Attorney General.

Petitioner has also filed a motion for release on bond. Dkt. No. 7. To receive bond pending a decision on the merits of a habeas corpus

petition, a petitioner must show a substantial claim of law based on the facts and exceptional circumstances justifying special treatment in the interest of justice. *See Lee v. Jabe*, 989 F.2d 869, 871 (6th Cir. 1993) (quoting *Dotson v. Clark*, 900 F.2d 77, 79 (6th Cir. 1990)); *see also Nash v. Eberlin*, 437 F.3d 519, 526, n.10 (6th Cir. 2006). There will be few occasions where a habeas petitioner meets this standard. *Dotson*, 900 F.2d at 79. Federal courts may grant bail when granting the writ. See *Sizemore v. District Court*, 735 F.2d 204, 208 (6th Cir. 1984). By implication, a federal court should not grant bail under other circumstances. Petitioner has failed to establish at this time that he would prevail on the merits of his claims, thus, he is not entitled to release on bail. *See Greenup v. Snyder*, 57 F. App'x 620, 621–22 (6th Cir. 2003).

IT IS ORDERED THAT:

> (1) Petitioner has a thirty-day extension of time from the date of this order to provide two copies of the petition for writ of habeas corpus for service upon respondent and the Michigan Attorney General.
>
> (2) The motion for bond [#7] is DENIED.

SO ORDERED.

Dated: January 9, 2018                /s/Gershwin A. Drain
                                      GERSHWIN A. DRAIN
                                      United States District Judge